# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RACHAEL GORJESTANI,<br>    Plaintiff,<br>v.<br>LOOLY'S PBC,<br>    Defendant. | Case No. 18-cv-05593-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE MOTION TO DEEM DEFENDANT SERVED; GRANTING IN PART EX PARTE APPLICATION FOR ORDER OF PUBLICATION OF SUMMONS**<br><br>[Re: ECF 7, 8] |

Before the Court are two *ex parte* motions by Plaintiff Rachael Gorjestani relating to service of Defendant Looly's PBC: (1) an *ex parte* motion to deem Defendant served pursuant to Cal. Civ. Code § 416.10, or, in the alternative, to extend time for service pursuant to Fed. R. Civ. Proc. 4(m) ("Extension Motion"), ECF 7; (2) an *ex parte* application for order of publication of summons pursuant to Fed. R. Civ. P. 4(H)(1)(A), or in the alternative, substitute service upon the California Secretary of State pursuant to Cal. Corp. Code § 1702(A) ("Publication Motion"), ECF 8.

Plaintiff's deadline to serve Defendant is December 11, 2018. Plaintiff has made several good faith attempts to serve Defendant, both through its registered agent (which, though registered as such, apparently is not actually Defendant's agent) and through attempted personal service at Defendant's principal place of business in San Francisco, California. *See generally* Extension Mot. Plaintiff has been in contact with Defendant's owner via email, such that the owner has actual notice of the lawsuit. *See* ECF 7-8. In her Extension Motion, Plaintiff asks the Court to deem Defendant served (because of the service on its "agent"), or, in the alternative, to extend the deadline to serve Defendant. The Court finds good cause to extend the deadline for service to February 11, 2019. *See* Fed. R. Civ. P. 6(b). Defendant has actual notice of the lawsuit, will not suffer prejudice from the extension (as the case is in its infancy and the owner is in active

discussions with Plaintiff), and Plaintiff would be prejudiced if the case were dismissed. Moreover, Plaintiff has actively attempted to effectuate service. As such, the Court GRANTS IN PART Plaintiff's Extension Motion. The deadline to effectuate service is **February 11, 2019**.

Plaintiff also requests to serve Defendant by publication, given the difficulties Plaintiff has faced serving Defendant to date (or in the alternative, to effectuate service by serving instead the California Secretary of State). Fed. R. Civ. Proc. §§ 4(f)(1)(A) and 4(e)(1) allow Plaintiff to serve Defendant, a foreign company with a principal place of business in California, via means prescribed by California law. California allows for service by publication if certain criteria are met. *See* Cal. Civ. Proc. Code § 415.50. Those criteria are satisfied here. Plaintiff has been unable to serve Defendant despite reasonable diligence in her attempts to do so. From the face of the Complaint, a cause of action exists against Defendant relating to Plaintiff's trademark and Defendant's alleged infringement thereof.[1] *See generally* Compl., ECF 1. Defendant has registered with the California Secretary of State and claims an interest in real property in San Francisco in the form of its principal place of business. *See* ECF 8-5. As such, Plaintiff satisfies the requirements for warranting service by publication. The Court thus GRANTS IN PART Defendant's Publication Motion as follows:

1. Service of summons in this action on Defendant shall be accomplished by publication in the San Francisco Chronicle, designated as the newspaper most likely to give actual notice to Defendant.
2. The publication shall be made once a week for four (4) successive weeks.
3. In addition to service by publication, Plaintiff shall serve Defendant via First Class U.S. Mail sent to the business address of Defendant and via email.
4. Service upon Defendant is permitted in any other manner authorized by the Federal Rules of Civil Procedure, which service supersedes service by publication.

Plaintiff has requested that she be allowed to publish the summons in this case for service. The Court notes that the current summons lists the address of Defendant's "agent." Plaintiff may

---

[1] The Court's finding that a cause of action exists is in no way a ruling that Plaintiff has successfully stated a claim under Fed. R. Civ. P. 8(a).

2

wish to procure a corrected summons prior to service via publication.

**IT IS SO ORDERED.**

Dated: December 7, 2018

_____
BETH LABSON FREEMAN
United States District Judge